UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21085-CIV-UNGARO/SIMONTON

CONSUMER ELECTRONICS ASSOCIATION,

    Plaintiff,

v.

COMPRAS AND BUYS MAGAZINE, INC.,
and JUSTIN FINOCCHIARO,

    Defendants.
_____/

## ORDER GRANTING MOTION TO COMPEL

    Presently pending before the Court is Plaintiff's Motion to Compel Discovery Responses (DE # 53). This motion has been referred to the undersigned Magistrate Judge (DE # 56).

    Plaintiff seeks an order compelling defendant Justin Finocchiaro to respond to Plaintiff's First Request for Production of Documents, which Plaintiff alleges was served on July 30, 2008 (DE # 53). Plaintiff also seeks to recover its attorney's fees and costs incurred as a result of having to file this motion. For the reasons set forth below, the Motion to Compel is granted, and the request for fees and costs is denied without prejudice.

    On September 4, 2008, prior to the date that the motion was filed, Defendant Finocchiaro filed a response to a letter demanding the production of documents by August 29, 2008, which stated that he had not received any document request (DE # 52). After the motion was filed, Defendant filed a response which stated that the Court had ordered mediation, and which objected to the requests on the grounds that the documents sought were privileged (DE # 54). Plaintiff replied, stating that the mediation order does not affect Defendant's obligation to produce discovery, and that the blanket

assertion of privilege was untimely and not sufficiently specific (DE # 57). Plaintiff also argued that although Defendant Finocchiaro could choose not to conduct discovery on his own behalf, he was required to respond to Plaintiff's discovery requests (DE # 57). Defendant responded that the discovery deadline is December 5, 2008, and requested that he be permitted to conduct discovery "without impediment from Plaintiff." (DE # 58).

Plaintiff's motion is granted, for the following reasons. The fact that the court has ordered mediation does not affect any party's obligation to comply with discovery requests. In fact, mediation is usually most useful after at least some discovery proceedings have occurred. The fact that the discovery deadline is December 5, 2008, does not mean that the parties can wait until that date before responding to any discovery requests.

In addition, a blanket claim of privilege is insufficient. If Defendant Finocchiaro seeks to claim a privilege, he must file a privilege log that complies with the Local Rule 26.1.G.3(b), which provides:

> (b) Where a claim of privilege is asserted in objecting to any interrogatory or production demand, or sub-part thereof, and an answer is not provided on the basis of such assertion:
>
> (i) The attorney [or pro se party] asserting the privilege shall in the objection to the interrogatory or document demand, or subpart thereof, identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and
>
> (ii) The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:
>
> (A) For documents or electronically stored information, to the extent the information is readily obtainable from the witness being deposed or

>otherwise:
>(1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word, MS Excel Spreadsheet); (2) general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; and (4) such other information as is sufficient to identify the document or electronically stored information for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document or electronically stored information, and, where not apparent, the relationship of the author, addressee, and any other recipient to each other;

Although Plaintiff seeks an order which compels production within seven days, and finds that all objections have been waived, the undersigned believes that it is more appropriate to permit Defendant to lodge specific objections, including claims of privilege. In doing so, however, the undersigned cautions Mr. Finoccchiaro that the following rules apply regarding objections. These procedures apply not just to Mr. Finocchiaro, but to all discovery proceedings before the undersigned Magistrate Judge:

>**1. Vague, Overly Broad, and Unduly Burdensome**
>The Parties shall not make nonspecific, boilerplate objections. Such objections do not comply with Local Rule 26.1 G.3.(a) which provides, "Where an objection is made to any interrogatory or sub-part thereof or to any document request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds." Objections that state that a discovery request is "vague, overly broad, or unduly burdensome" are, standing alone, meaningless, and will be found meritless by this Court. A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. *See* Fed.R.Civ.P. 33(b)(4); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'" [citation omitted]). If a party believes that the request is vague, that party shall attempt to obtain clarification prior to objecting on this ground.

### 2. Objections Based Upon Scope

If there is an objection based upon an unduly broad scope, such as time frame or geographic location, discovery should be provided as to those matters within the scope which is not disputed. For example, if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the state of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida.

### 3. Irrelevant and Not Reasonably Calculated to Lead to Admissible Evidence

An objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance and why the information sought will not reasonably lead to admissible evidence. The Parties are reminded that the Federal Rules allow for broad discovery that does not need to be admissible at trial. *See* Fed.R.Civ.P. 26(b)(1); *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351-52 (1978); *see also* Local Rule 26.1 G.3.(a).

### 4. Formulaic Objections Followed by an Answer

The Parties shall not recite a formulaic objection followed by an answer to the request. It has become common practice for a Party to object on the basis of any of the above reasons, and then state that "notwithstanding the above," the Party will respond to the discovery request, subject to or without waiving such objection. Such an objection and answer preserves nothing and serves only to waste the time and resources of both the Parties and the Court. Further, such practice leaves the requesting Party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered. *See* Civil Discovery Standards, 2004 A.B.A. Sec. Lit. 18; *see also* Local Rule 26.1 G.3.(a).

### 5. Objections Based upon Privilege

Generalized objections asserting attorney-client privilege or work product doctrine also do not comply with local rules. Local Rule 26.1 G.3.(b) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as, inter alia, the nature and subject matter of the communication at issue and the sender and receiver of the communication and their relationship to each other. The Parties are instructed to review Local Rule 26.1G.3.(b) carefully and to refrain from objections such as: "Objection. This information is protected by attorney/client and/or work product privilege." If a general objection of privilege is made without attaching a proper privilege log, the objection of privilege may be deemed waived.

  **Finally, the undersigned notes that Defendant Finocchiaro is permitted to conduct discovery as he sees fit, as long as he complies with the deadlines established in the Court's Scheduling Order.**

  Therefore, based on a review of the record as a whole, it is hereby

  **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Discovery Responses (DE # 53) is **GRANTED**.  Defendant shall file a response to Plaintiff's First Request for Production of Documents, and produce responsive documents, on or before Monday, September 29, 2008.  The request for attorneys and fees and costs is denied without prejudice as not justified under the present circumstances of this case.  The request may be renewed, however, if Mr. Finocchiaro does not comply with this Order.

  **DONE AND ORDERED** in chambers in Miami, Florida, on September 18, 2008.

*/s/ Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record

Defendant Justin Finocchiaro, pro se,
3438 SW 24 Terrace
Miami, FL 33145
also served by facsimile to (305) 403-3029